UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL WYATT PIERCE,<br><br>Petitioner,<br><br>v.<br><br>JAMES D. HARTLEY, Warden,<br><br>Respondent. | NO. CV 11-9058-JAK (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On November 1, 2011, Petitioner Russell Wyatt Pierce, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus By a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  The Petition challenges his conviction in Los Angeles County Superior Court in 1996.  (Petition at 2.)

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the records in a prior federal habeas corpus action brought by Petitioner in the Central District of California: *Pierce v. Warden Mendoza-Powers*, CV 05-5277-SGL (AGR) ("Pierce *I*"); (*see also* Petition at 1.)

///

On October 1, 1996, Petitioner pled no contest to forcible rape, attempted forcible sodomy, and three counts of residential burglary and was sentenced to 27 years in state prison. (Petition at 2); *see also Pierce I*, Dkt. No. 58 ("R&R") at 2. Petitioner did not appeal. (Petition at 2); R&R at 2. Beginning in January 2003, Petitioner filed habeas petitions in the California courts, all of which were denied; the last denial before *Pierce I* was on August 1, 2005. R&R at 2-3.

In *Pierce I*, on July 20, 2005, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. On May 22, 2007, the district court adopted the R&R and entered Judgment denying the petition with prejudice. *Pierce I*, Dkt. Nos. 58-59. On June 11, 2007, Petitioner filed a Notice of Appeal. *Id.*, Dkt. No. 60. On March 11, 2010, the Ninth Circuit affirmed the judgment. Ninth Circuit Case No. 07-55920, Dkt. No. 59-1.

On December 28, 2010, Petitioner constructively filed a habeas petition in the Superior Court, which was denied on February 11, 2011 as untimely. (Petition at 12.) On March 15, 2011, Petitioner filed a habeas petition in the California Court of Appeal, which was denied on April 5, 2011 as untimely. (*Id.* at 12-13.) On April 26, 2011, Petitioner constructively filed a habeas petition in the California Supreme Court, which was denied on October 12, 2011 with citations indicating untimeliness. (*Id.* at 13-14 & Ex. 24 (Dkt. No. 1-2 at 85).)

Earlier, on April 22, 2011, Petitioner filed an application in the Ninth Circuit to file a second or successive petition. *See Pierce v. Hartley*, Case No. 11-71143, Dkt. No. 1. On July 7, 2011, the Ninth Circuit denied the application. *Id.*, Dkt. No. 6.

The Petition challenges the same conviction and sentence as *Pierce I*. (Petition at 2.)

///
///
///

## II.

## **DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition that challenges the same conviction and sentence imposed by the same judgment of the state court as in *Pierce I*.

The Ninth Circuit denied Petitioner's application to file a second or successive petition. This Court must, therefore, dismiss the Petition as a successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3). *See Burton*, 549 U.S. at 152.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.

## **ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: November 9, 2011

JOHN A. KRONSTADT
United States District Judge

Presented by:

ALICIA G. ROSENBERG
United States Magistrate Judge

4